## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENT KRAUS,<br><br>Plaintiff,<br><br>v.<br><br>NESTLÉ PURINA PETCARE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

TO:   Clerk of Court
U.S. District Court of Nebraska
Lincoln Division
593 Federal Building
100 Centennial Mall North
Lincoln, NE  68508-3803

Joyce A. Wusk
Clerk of District Court
Saline County Courthouse
215 S. Court; P.O. Box 865
Wilber, NE  68465

Jon Rehm, Esq.
Rehm, Bennett & Moore, P.C., L.L.O.
3701 Union Drive, #200
Lincoln, NE  68516

PLEASE TAKE NOTICE that Defendant Nestlé Purina PetCare Company ("Defendant") removes this action to the United States District Court for the District of Nebraska.  The grounds for removal are as follows:

1.      Plaintiff Kent Kraus ("Plaintiff") commenced this action, on or about June 26, 2009, in the Saline County District Court, Nebraska, Case No. CI 09 171, by filing a Summons and Complaint.

2.      Defendant was served with a copy of the Summons and Complaint through its registered agent on or about July 2, 2009.

3.      The Nebraska Rules of Civil Procedure require Defendant to file a response to Plaintiff's Complaint within thirty (30) days of service of the Complaint and that time frame has not yet elapsed.

4.      Further, thirty (30) days have not yet expired since this action became removable to this Court.   This removal is therefore timely under 28 U.S.C. § 1446(b).

5.      In his Complaint, Plaintiff alleges that he was discriminated against and discharged from employment in violation of the Americans with Disabilities Act of 1990 ("ADA") and the Age Discrimination in Employment Act ("ADEA").

6.      Thus, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to 29 U.S.C. § 1441, without regard to the amount in controversy or the citizenship or residency of the parties in that Plaintiff has asserted a claim arising under the laws of the United States.  Specifically, Plaintiff asserts claims under the ADA and the ADEA, which among other things, authorize a plaintiff to commence an action against an employer that discriminates against the employee based on the employee's disability or age.

7.      Notwithstanding the independent basis for removal described in paragraph 6, this matter is also removable to this Court based on diversity of citizenship.  Upon information

and belief, and as alleged in the Complaint, Plaintiff was, at the commencement of this action, and is now, an adult resident and citizen of the state of Nebraska and no other state.

8.     Defendant was, at the commencement of this action, and is now, a Missouri corporation with its principal place of business located in Missouri, and is a citizen of the State of Missouri and no other state.

9.     The above-entitled action is, therefore, a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441, in that the action is between citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds $75,000.

10.     Finally, Plaintiff's remaining claims arise out of a nucleus of operative facts common to Plaintiff's federal claims and, accordingly, are within the pendent jurisdiction conferred on this Court by 28 U.S.C. § 1367.

11.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served upon Defendant in this action are attached as **Exhibit 1**.  Other than the Summons and Complaint attached hereto as Exhibit 1, no other process, order or other pleading in this action has been received to date by Defendant.

12.     A copy of this Notice has been filed in the Saline County District Court, in Wilber, Nebraska, and a copy of this Notice has been served upon Plaintiff, through his counsel, Jon Rehm, as required by 28 U.S.C. § 1446(d).

13.     Pursuant to 28 U.S.C. § 1446(a), this Notice is signed in accordance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Nestlé Purina PetCare Company hereby removes this action from the Saline County District Court to the United States District Court for the District of

Nebraska and respectfully requests that this action be placed on the docket of the United States

District Court for the District of Nebraska for further proceedings, the same as though the action

had originally been instituted in this Court.

Dated:  July 22, 2009.

By    s/Gary J. Nedved
       NSB No. 15508
       KEATING, O'GARA, NEDVED, PETER, P.C., L.L.O.
       530 South 13th Street, Suite 100
       Lincoln, NE  68508-2795
       (402) 475-8230 (Telephone)
       (402) 475-8328 (Facsimile)
       Email:  gjnedved@keatinglaw.com

       Bernard J. Bobber (*pro hac vice* application to be filed)
       Carmen N. Couden (*pro hac vice* application to be filed)
       FOLEY & LARDNER LLP
       777 E. Wisconsin Ave.
       Milwaukee, WI 53202
       (414) 297-5803 (BJB)
       (414) 297-5568 (CNC)
       (414) 297-4900 (Facsimile)
       Email:  bbobber@foley.com
       Email:  ccouden@foley.com
       Attorneys for Defendant Nestlé Purina PetCare Company

## CERTIFICATE OF SERVICE

I certify that on July 22, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

and I hereby certify that I have mailed by United States Postal Service the document to the following non CMECF participants:

Jon Rehm
REHM, BENNET & MOORE, PC, LLO
3701 Union Drive - Suite 200
Lincoln, NE 68516

And

Joyce A. Wusk
Clerk of District Court
Saline County Courthouse
215 S. Court; P.O. Box 865
Wilber, NE  68465

/s/ Gary J. Nedved
Gary J. Nedved

Image ID:

## SUMMONS

Doc. No.:    8954

IN THE DISTRICT COURT OF Saline COUNTY, NEBRASKA
Saline County Courthouse
P.O. Box 865
Wilber              NE 68465 0865

Kent Kraus v. Nestle Purina Petcare Company

Case ID: CI 09    171

TO:  Nestle Purina Petcare Company

You have been sued by the following plaintiff(s):

    Kent Kraus

RECEIVED

JUL 0 1 2009

Plaintiff's Attorney:    Jon Rehm
Address:                 3701 Union Dr., #200
                         Lincoln, NE 68516

Telephone:               (402) 474-2300

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties within 30 days of service of
the complaint/petition and filed with the office of the clerk of the court
within a reasonable time after service. If you fail to respond, the court may
enter judgment for the relief demanded in the complaint/petition.

Date:  JUNE 26, 2009      BY THE COURT:   *Joyce A. Wusk*
                                                 Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Nestle Purina Petcare Company
        E Highway 33
        Crete, NE 68333

Method of service:  Certified Mail
Special Instructions:
Attached to this Summons is a copy of the Complaint and Praecipe

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.

IN THE DISTRICT COURT OF SALINE COUNTY, NEBRASKA

KENT KRAUS,                               )      Case No. _____
                                          )
                Plaintiff,                )
                                          )
vs.                                       )      AMENDED COMPLAINT AND
                                          )      PRAECIPE
                                          )
NESTLE PURINA PETCARE COMPANY,            )
                                          )
                Defendant.                )

Plaintiff alleges:

1.      This is an action seeking redress for the violation of the rights guaranteed

to the plaintiff by the public policy of the State of Nebraska and the laws of the State of

Nebraska, including, but not limited to Neb.Rev.Stat.Sec. 20-148 and 42 U.S.C. Section

12112 et.seq. of the Americans with Disabilities Act of 1990 (ADA) and Age

Discrimination in Employment act.

2.      Jurisdiction is invoked pursuant to the state and federal laws referenced

herein. This court has original jurisdiction over the claims arising under Nebraska law

and concurrent jurisdiction for the federal claims.

3.      Plaintiff filed a complaint with the Nebraska Equal Opportunity

Commission and the United States Equal Opportunity Commission with respect to the

allegations set forth herein as well as other allegations. The Nebraska Equal Employment

Opportunity Commission found reasonable cause to believe that the Defendant

discriminated against the Plaintiff in violation of the Nebraska Fair Employment

Practices Act. The plaintiff has filed this timely action within 90 days of his receipt of

his right to sue notice from the EEOC as his attorney received it on March 30, 2009.



000013725D22

4. At all times relevant, the plaintiff was a resident of the State of Nebraska.

5. Upon information and belief, the Defendant is a Nebraska corporation licensed to do business and was doing business at all times alleged herein in the City of Crete, County of Saline, Nebraska. Upon information and belief, the Defendant is an employer within the meaning of the Americans with Disabilities Act as they employed fifteen or more persons for twenty or more weeks out of the current or preceding calendar year.

6. Plaintiff is disabled within the meaning of the ADA as Plaintiff suffered from one or more physical and mental impairment(s) that substantially limited one or more of his major life activities and/or he had a record of such impairment(s) and/or the defendant perceived or regarded his as being impaired.

7. All discriminatory acts alleged herein occurred within the State of Nebraska.

8. Plaintiff was employed with defendant. At all times plaintiff performed his job satisfactorily.

9. Plaintiff suffered a work-related injury to his low back on September 21, 2006. Plaintiff later had a microdisketomy in March 2007 and lumbar fusions in July 2007 and August 2008. At all times plaintiff was able to perform the essential functions of his job as laborer.

10. October 27, 2007 plaintiff was terminated by defendant

11. Plaintiff was replaced by a non-disabled employee who had not suffered a work-related injury. Plaintiff was qualified to perform the essential duties of his job with the defendant. A motivating factor in the decision to move plaintiff to on-call status was in retaliation for the plaintiff sustaining and/or claiming a work-related injury.

12. On January 26, 2008 was informed by his union representative that defendant terminated at least four similarly aged employees who suffered workers compensation injuries and that three other similarly aged employees who filed workers compensation claims retired.

13. All of the above mentioned discriminatory acts were done while the defendant's agents, employees, supervisors or managers were acting in the course and scope of their duties with the Defendant.

14. As a result of the Defendant's discriminatory actions, Plaintiff has suffered lost wages and benefits and will incur the future lost wages. Plaintiff has also incurred compensatory damages, attorney's fees and costs.

15. At all time relevant, Defendant was aware of their duties and obligations under the aforementioned statutes. The Defendant's conduct was willful.

## Count 1

16. Plaintiff incorporates paragraphs 1 through 14 as if fully set forth herein.

17. Defendant retaliated against the Plaintiff after he sustained and/or claimed compensation for a work related injury Said unlawful conduct is violative of the public policy of the State of Nebraska and Neb. Rev. Stat. Section 20-148.

18. As a direct, proximate result of the Defendant's aforementioned illegal conduct, Plaintiff has suffered actual compensatory damages, lost wages, loss of future income and loss of fringe benefits, the total sum of which will be specifically pleaded when ascertained.

19. Defendant's actions were done willfully and/or with malice and/or with reckless indifference to the rights of the Plaintiff arising under Nebraska law. Punitive, treble

and/or liquidated damages payable to the common fund for the benefit of the public schools are appropriate under state law and the Constitution of the State of Nebraska. Plaintiff incorporates paragraphs 1 through 17 as if fully set forth herein.

20. The Plaintiff's disability or perceived disability was a motivating factor in the Defendant's decisions to terminate plaintiff. Such conduct violates of federal law.

21. That plaintiff's age was a motivating factor in defendant's decision to terminate plaintiff. Such conduct violates federal law

22. As a direct, proximate result of the Defendant's aforementioned illegal conduct, Plaintiff has suffered actual compensatory damages, lost wages, loss of future income and loss of fringe benefits, the total sum of which will be specifically pleaded when ascertained.

23. Defendant's actions were done willfully and/or with malice and/or with reckless indifference to the federally protected rights of the Plaintiff. Punitive damages are appropriate under federal law.

WHEREFORE, Plaintiff respectfully requests that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

a.    Declare the conduct of the Defendant to be violative of the rights of the Plaintiff under the appropriate federal or state law or laws;

b.    Direct the Defendant to reinstate the plaintiff to his previously held positions with back pay, all the job related benefits and job related increments to which he is entitled, including interest thereon, or to find that reinstatement is not appropriate and to award him front pay according to law;

06-26-'09 11:59 FROM- Bennett & Moore     402-420-1508          T-185   P0006/0007 F-496

c.      Award the Plaintiff compensatory damages for pain and suffering and emotional distress in an amount to be determined by the jury or the court;

d.      Award the Plaintiff punitive damages under federal law against the Defendant in an amount to be determined by the jury or the Court;

e.      Award punitive, treble or liquidated damages under state law against the Defendant and in favor of the common school fund in an amount to be determined by the jury or the Court;

f.      Enjoin the Defendant from any further discrimination against the Plaintiff;

g.      Award the Plaintiff costs and reasonable attorney's fees and such other and further relief as the Court deems just and reasonable and appropriate to correct the wrong done to the Plaintiff.

FILED BY THE CLERK

2009 JUN 26  AM 11: 05

CLERK OF DISTRICT COURT
SALINE COUNTY NEBRASKA

<u>PRAECIPE</u>

To the Clerk of Said Court:

Please issue summons in the above-entitled action for service by certified mail, with a copy of the Complaint attached thereto for service on the Defendant at:

Nestle Purina PetCare Company
E Highway 33
Crete, Nebraska 68333

<u>REGISTERED AGENT</u>
CT Corporation Systems
301 S. 13th Street
Suite 500
Lincoln, NE 68508

     Summons should be mailed to Plaintiff's attorney for service by certified mail

          KENT KRAUS, PLAINTIFF

          REHM, BENNETT & MOORE, P.C., L.L.O.
          3701 Union Dr., #200
          Lincoln, NE 68516
          (402) 474-2300
          E-mail: jonrehm@rehmlaw.com

For the firm _____
        Jon Rehm     #23097

000013726D22